UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OTIS OLLIVIERRE, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2805 |
| OCEAN HARBOR INSURANCE COMPANY | * | SECTION "I" (2) |

## ORDER AND REASONS

Pending before me is Plaintiffs' Motion for Protective Order seeking to preclude Defendant Ocean Harbor Insurance Company from requiring them to submit to examinations under oath. ECF No. 8. Ocean Harbor timely filed an Opposition Memorandum. ECF No. 10. Plaintiffs sought leave and filed a Reply Memorandum. ECF Nos. 12, 14. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Protective Order is GRANTED for the reasons stated herein.

## I.   BACKGROUND

Otis and Contrena Ollivierre filed this suit on July 26, 2023, against Defendant Ocean Harbor Insurance Company seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith and negligent adjusting as well as intentional and negligent infliction of emotional distress. ECF No. 1.

By email dated July 14, 2023, Ocean Harbor requested that Plaintiffs submit to an examination under oath, and Plaintiffs agreed to submit to same on September 7, 2023. ECF No. 8-10 at 1-2. Plaintiffs' counsel evidently cancelled the scheduled examination after another client participated in an examination. ECF No. 8-1 at 2-3, 4-6. Plaintiffs now seek a protective order precluding Ocean Harbor from conducting examinations under oath on the basis that same are being used to intimidate and harass the insureds and to circumvent the insureds' right to counsel.

1

*Id.* at 6.  Plaintiff argues that an examination under oath violates this Court's Hurricane Ida Case Management Order ("CMO") , which stays all discovery other than that specifically authorized by Exhibit A to the CMO.  Plaintiffs argue that examinations requested two years after the loss and after litigation has been filed are untimely and improper.  *Id.* at 8-9.

Ocean Harbor opposes Plaintiffs' motion on the basis that they have not established good cause to justify a protective order, nor did Plaintiffs engage in the required meet and confer before filing this motion.  ECF No. 10 at 1-3.  Citing to (without providing a copy of) its insurance policy, Ocean Harbor argues that its insurance policy requires the insured to submit to an examination under oath as often as reasonably required.  *Id.* at 3.  Ocean Harbor contends that an examination was not scheduled previously because the claim had been deemed resolved since it received no further communications after it tendered payment until July 22, 2023, when counsel submitted a competing estimate.  *Id.* at 3-4.  Ocean Harbor argues that examinations are not used only to identify fraud, but also to ensure that all parties have an accurate understanding of all claims and coverages to facilitate resolution of the claims.  *Id.* at 4-5.  For that reason, it argues, setting aside the CMO to allow the examination under oath to proceed is proper.  *Id.* at 5.

In Reply, Plaintiffs assert that the failure to confer lies with defense counsel for refusing to acknowledge correspondence from Plaintiff's counsel and the CMO process will allow the parties to exchange information sufficient to streamline the settlement process.  ECF No. 14.

II.     **APPLICABLE LAW AND ANALYSIS**

On August 26, 2022, this Court adopted a Case Management Order ("CMO") to govern Hurricane Ida claims.  The CMO, as amended, includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Section 1

2

of the CMO expressly stays any discovery beyond that set forth in Exhibit A to the CMO. CMO, Section 1 at p. 3. Although in some contexts, courts have distinguished between EUOs and depositions, others have considered them the functional equivalent.[1]

The CMO specifically identifies the types of discovery activity that may occur following litigation. Given that specificity, and the omission of authorization to conduct an EUO from that specific listing of Exhibit A (as amended on October 6, 2023), absent relief from the CMO, Defendant Ocean Harbor may not proceed with an EUO. Whether a stay, abatement or dismissal for the failure to participate in an EUO would be proper is an entirely different issue not currently before the court.[2]

## II. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Protective Order (ECF No. 8) is GRANTED, precluding Defendant from seeking to conduct an EUO absent relief from the limitations imposed by Section 1 of the CMO.

New Orleans, Louisiana, this 18th day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[1] *Compare Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015) (noting that an EUO is a contract term and therefore distinct from a deposition, a discovery tool in litigation), *and Safepoint Ins. Co. v. Shlok LLC*, No. 21-0477, 2021 WL 5076394, at *3 (W.D. La. Aug. 25, 2021) (recognizing difference between a deposition and EUO, agreeing that a policy generally requires the insured to submit to an EUO despite the discovery limitations in the CMO, but finding reasonable grounds for excusing the EUO in that case in favor of compelling a deposition), *with PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 201-02 (S.D. Tex. 2010) (denying abatement in Hurricane Ike proceeding where EUO requested after suit was filed, characterizing Rule 30 deposition as the functional equivalent to EUO).

[2] *See, e.g., Thomas v. Allstate Vehicle & Prop. Ins. Co.*, 762 F. App'x 199, 200 (5th Cir. 2019) (affirming summary judgment against plaintiff who refused to submit to EUO); *Kerr v. State Farm Fire & Cas. Co.*, 511 F. App'x 306 (5th Cir. 2013) (same); *Morgan v. Americas Ins. Co.*, No. 16-13900, 2017 WL 6211043, at *2 (E.D. La. July 6, 2017) (staying case to allow EUO); *Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.*, No. 06-4522, 2007 WL 925845, at *5 (E.D. La. Mar. 23, 2007) (same).